No. 12-56236 [DC# 06154-SJO]

IN THE
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT

ROBERT THOMSON,

*Plaintiff-Appellant*, v.

LOS ANGELES SHERIFFS
DEPARTMENT, et. al.,

*Defendants-Appellees*.

APPEAL FROM THE UNITED STATES
DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**APPELLANTS' OPENING BRIEF**

Jonathan W. Birdt (S.B.N. 183908) Law
Office of Jonathan W. Birdt
18252 Bermuda St.
Porter Ranch, CA 91326
Tel. No. (818) 400-4485
Fax No: (818) 428-1384
e-mail: Jon@jonbirdt.com
**Plaintiff-Appellant**
**Robert Thomson**

## **CORPORATE DISCLOSURE STATEMENT**

No corporate Apellants.

# TABLE OF CONTENTS

ISSUES PRESENTED .............................................................................................................. 5

STATEMENT REGARDING ORAL ARGUMENT...................................................................... 5

STATEMENT OF JURISDICTION ............................................................................................ 5

STATEMENT OF FACTS........................................................................................................... 6

STANDARD OF REVIEW ON SUMMARY JUDGMENT ......................................................... 6

SUMMARY OF ARGUMENT.................................................................................................... 7

ARGUMENT .............................................................................................................................. 8

   I.   THE SECOND AMENDMENT IS NOT LIMITED TO THE HOME ............................. 8

   II.   PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGMENT OF A FUNDAMENTAL RIGHT ............................................................................................................................. 9

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Berger v. City of Seattle*, 569 F.3d 1029, 1035 (9th Cir. 2009) ................................................................. 6
*Desert Outdoor Advertising v. City of Moreno Valley* (1996) 103 F.3d 814 ............................................... 9
*District of Columbia v. Heller*, 554 U.S. 570 (2008) .................................................................................. 8
*Hague v. Committee for Indus. Org.* (1937) 307 U.S. 496 ......................................................................... 9
*McDonald v. City of Chicago*, (2010) 130 S. Ct. 3020 ............................................................................... 8
*Nissan Fire & Marine Ins. Co. v. Fritz*, 210 F.3d ........................................................................................ 7
*Nunez by Nunez v. City of San Diego*, 114 F.3d ......................................................................................... 6
*Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1328-29 (9th Cir. 1983) ........................ 6

**Statutes**

28 U.S.C. § 1291 ............................................................................................................................................ 5
28 U.S.C. § 1343 ............................................................................................................................................ 5
42 U.S.C. § 1983 ............................................................................................................................................ 5

**Rules**

Federal Rule of Civil Procedure 56 ............................................................................................................... 5
Federal Rule of Civil Procedure 56(c) .......................................................................................................... 6
Federal Rules of Appellate Procedure 3 and 4 ............................................................................................. 5
Ninth Circuit Rule 28-2.6 ........................................................................................................................... 10
Ninth Circuit Rules 3-1, -2and -4 .................................................................................................................. 5
Rule of Civil Procedure 58 ............................................................................................................................ 5

## ISSUES PRESENTED

Did the District Court err in finding, that the Second Amendment was limited to the home and that Public Safety Concerns alone justify infringement of Plaintiffs's Fundamental Rights.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument due to the simple and straightforward nature of the matter and the urgency for resolution by this Court.

## STATEMENT OF JURISDICTION

This is a 42 U.S.C. § 1983 action. The District Court had jurisdiction pursuant to 28 U.S.C. § 1343. The District Court granted summary judgments for Defendants-Appellees (hereinafter "Appellees"), and entered judgment in their favor under Federal Rule of Civil Procedure 56 on July 2, 2012. A Clerk's Judgment on that order was entered pursuant Federal Rule of Civil Procedure 58 the same day.

Appellant filed a notice of Appeal on July 3, 2012 in accordance with Federal Rules of Appellate Procedure 3 and 4 and Ninth Circuit Rules 3-1, 3-2and 3-4. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE CASE

Appellant does not challenge California's statutory scheme of requiring a permit before a resident can exercise their Second Amendment rights outside of the home. Appellant Challenges the District Courts' limitation of the Second Amendment to the home, and its' blessing of granting unfettered discretion to the Sheriff because of Public Safety concerns.

# STATEMENT OF FACTS

The underlying matter proceeded without argument or factual dispute, with all parties agreeing on the facts and the language of each department's policy as set forth in the Courts opinion, just as the Court accepted the testimony offered by both experts equally.

# STANDARD OF REVIEW ON SUMMARY JUDGMENT

An order granting summary judgment on the constitutionality of a statute or ordinance is reviewed de novo. *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 940 (9th Cir. 1997). The standard governing this Court's review is the same as that employed by trial courts under Federal Rule of Civil Procedure 56(c), with the Court determining, after independently viewing the evidence and all inferences therefrom in the light most favorable to the nonmoving

party, whether there are any genuine issues of material fact, and whether the district court correctly applied the law. *See Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1328-29 (9th Cir. 1983); *see also*, *Berger v. City of Seattle*, 569 F.3d 1029, 1035 (9th Cir. 2009) (independent review of questions of law and fact in First Amendment case).

On a motion for summary judgment, as at trial, the substantive law determines burden of proof issues and evidentiary standards. It dictates what the moving party must show to prevail on its motion and what the non-moving party must show, if anything, to resist the motion. *See Nissan Fire & Marine Ins. Co. v. Fritz*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

## SUMMARY OF ARGUMENT

The District Court erred in two significant respects, finding first:

Plaintiff's asserted right falls outside the scope of the Second Amendment's core protection – the armed self-defense of a law-abiding citizen in the home. *See Heller*, 554 U.S. at 635; *Masciandaro*, 638 F.3d at 470-71. The LASD and TPD licensing policies that Plaintiff challenges involve gun possession outside the home. (*See* Pl.'s Mot. 1-2.) Plaintiff's contention - that "the only way [under California law] to bear a functional firearm for self-defense is with a CCW permit" - is simply false. (*See* Pl.'s Mot. 6; Pl.'s Opp'n 3.) The LASD and TPD policies do not hinder Plaintiff's enjoyment of the Second Amendment's core protection; he still has the right to "use arms in defense of hearth and home." *See Heller*, 554 U.S. at 635. Yet Plaintiff seeks to extend that right beyond the home and into the public sphere. *Id.* at 626.
(Excerpt of Record- hereinafter ER-  at Page 7)

The Second fundamental error was finding both experts equally qualified, despite saying the opposite, and instead of weighing in favor of a Fundamental Right, the court allowed Public safety fears to trump fundamental Right "The government's interest in public safety goes well beyond significant - it is compelling." (ER-8) and thus found the infringement acceptable despite the failure of defendants expert to in any way relate gun violence to CCW holders.

## ARGUMENT

### I. THE SECOND AMENDMENT IS NOT LIMITED TO THE HOME

The Second Amendment provides "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court answered the question of whether the Second Amendment confers an individual right to bear arms, or protects only the right to possess and carry a firearm in connection with militia service, finding the former to be the case. After a lengthy examination of the historical record, the *Heller* majority held that the Constitution guarantees the individual right to possess and carry weapons in case of confrontation. *Id*. at 592. Two years later, in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), the Supreme Court held that the Second Amendment's protections, whatever their bounds, apply fully to the States through the Fourteenth

Amendment. The Supreme Court has never limited this right to the home and has in fact clearly stated it protects the Fundamental right to carry weapons in case of confrontation.

II. **PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGMENT OF A FUNDAMENTAL RIGHT**

The District Court declined to state a level of scrutiny but found Public Safety to be a compelling reason to justify the infringement at issue herein, shortly after it concluded that the Fundamental Rights protected by the Second Amendment were limited to the home.

The District Court acknowledges and accepts the unconstitutional standard at issue herein:

> Section 12050 gives "extremely broad discretion to the sheriff concerning the issuance of concealed weapons licenses and explicitly grants discretion to the issuing officer to issue or not issue a license to applicants meeting the minimum statutory requirements." *Gifford v. City of Los Angeles*, 88 Cal. App. 4th 801, 805 (2001) (internal quotation marks omitted).
> (ER-3)

"But uncontrolled official suppression of the privilege cannot be made a substitute for the duty to maintain order in connection with the exercise of the right." *Hague v. Committee for Indus. Org.* 307 U.S. 496, 516 (1937). Accordingly, the Ninth Circuit has rejected alleged public health and safety concerns as a substitute for objective standards and due process. *Desert Outdoor*

*Advertising v. City of Moreno Valley* 103 F.3d 814, 819 (1996). The District Court in this case disagreed.

## **CONCLUSION**

The Court has adopted a standard herein not recognized in the law to date, first declaring that the Fundamental Core Rights are limited to the home, and that second, defendants are entitled to unfettered discretion to infringe upon these fundamental rights based solely upon public safety fears.

## **STATEMENT OF RELATED CASES**

Pursuant to Ninth Circuit Rule 28-2.6, this case is directly related to Bridt v. Baca, 9th Circuit Case# 12-55115. There is one similar District Court Cases expected to be elevated to this Court in the near future, and for which a decision in this case may have some effect, they are:

>Sigitas Raulinaitis et al v. Los Angeles County Sheriffs Department, Central District of California, 2:11-cv-08026-MWF-JCG

Date: July 5th, 2012                           s/ Jonathan Birdt
                                                                  Jonathan W. Birdt (SBN# 183908)
                                                                  *Plaintiff -Appellant*